I concur with the lead opinion that, under the present state of the law in Ohio, the trial court was correct in dismissing each of the city's claims. However, because I believe that the Ohio Supreme Court should revisit the applicability of public-nuisance law to product-liability cases, I write separately.
In my view, the city should be permitted to bring suit against the manufacturer of a product under a public-nuisance theory, when, as here, the product has allegedly resulted in widespread harm and widespread costs to the city as a whole and to its citizens individually. This is especially true in a case involving the manufacture of guns, where the allegations indicate that the potential harm caused by the product could be greatly reduced by the implementation of safety mechanisms that would not appreciably affect the utility of the product. Although the effect of individual suits against the gun manufacturers would perhaps result in only the payment of money damages, the potential exposure resulting from suits by governmental entities would have a greater bearing on the implementation of effective safety measures. As the lead opinion notes, however, the maintenance of such a suit would require a change in the law that we are not empowered to effectuate. But because I believe such a change to be warranted, I concur separately to note my concerns.